**Benjamin A. and Louise H. VAN ETTEN, Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

No. 78–3097.

United States Court of Appeals, Ninth Circuit.

July 21, 1980.

Louise H. Van Etten, Benjamin A. Van Etten, Bellevue, Wash., on briefs, pro se.

Michael L. Paup, Tax Div., Washington, D.C., on briefs, for appellee.

Before GOODWIN, POOLE and FERGUSON, Circuit Judges.

PER CURIAM.

Benjamin and Louise Van Etten appeal a Tax Court judgment which sustained the Commissioner in disallowing a corporate loss that the taxpayers claimed for 1972 under the "pass-through" provisions of Subchapter S. We affirm.

Benjamin Van Etten owns Highland Corporation, a land development company. In 1970, Highland acquired and thereafter rented a house to one Jack Garn. A printed real estate sales contract entitled "Earnest Money Receipt and Agreement" was altered to read "Rent & Earnest Money Receipt and Agreement with Option to Purchase." The agreement provided:

> "Purchaser [Garn] agrees to lease said dwelling for a period of one year at a rental price of $250.00 per month. Said year to start Aug. 1, 1971 and end Aug. 1, 1972. Purchaser has paid down $250.00 for the first months rent; $250.00 for the last months rent; $100.00 damage deposit and $50.00 option to purchase. Purchaser has the option to purchase. Purchaser has the option anytime after Aug. 1, 1971 to purchase said dwelling. Seller [High-land] agrees to credit to the down payment ½ of the rent paid for part of or all of said year depending on how many months rent has been paid. Seller will also credit purchaser all of the $100.00 damage deposit and the $50.00 option money. If, however, there is no purchase of said property seller will return the $100.00 damage deposit providing there is no damage to said property, but the $50.00 option money shall be forfeited. * * * "

The agreement was extended through 1974. Garn never exercised the option to purchase and the agreement terminated.

In 1972, Highland sustained a deductible loss of approximately $23,000. It also took depreciation on the rental house. Van Etten deducted this amount on his 1972 personal income tax return, as allowed by the "pass-through" provisions of Subchapter S. The Commissioner determined, however, that the entire 1972 income under the agreement with Garn constituted rent. That rent, combined with other passive income received in 1972, exceeded 20 percent of Highland's total gross receipts and terminated Highland's election under Subchapter S of the code. See I.R.C. § 1372(e)(5).

Van Etten argued in the Tax Court and here that $1,500 of the $3,000 ($250 × 12) monthly payments received from the Garns in 1972 constituted rent but that the balance constituted option payments or earnest money deposits that were subsequently forfeited. The latter characterization would qualify the sums as trade or business income and preserve Highland's Subchapter S status and the deductibility of the $23,000 against his personal income.

The Tax Court held that Van Etten failed to carry his burden to show that half the payment constituted payments on the house. We agree.

 If greater than 20% of the gross income of a corporation electing Subchapter S status is derived from "passive investment income," the corporation loses its Subchapter S status and becomes subject to corporate taxes. 26 U.S.C. § 1372(e)(5);

*Zychinski v. C.I.R.*, 506 F.2d 637 (8th Cir. 1974). Rents are statutorily defined as passive income, even if the taxpayer is actively engaged in property development and renting property.

In this case, review of the written contract is essentially a question of law. *See Sun Oil Ci. v. C.I.R.*, 562 F.2d 258, 262 (3rd Cir. 1977). However, on the factual question whether payments under the contract were for rent, for sale of the house, or for the option, what the parties call the transaction, or even what they mistakenly believe to be the name of such transaction, should not be the test. 4A Mertens, Law of Federal Income Taxation, 485, § 25.109 (1979); *Oesterreich v. C.I.R.*, 226 F.2d 798 (9th Cir. 1955).

In this case the "Rent & Earnest Money Receipt and Agreement with Option to Purchase" provided as follows:

(1) Monthly payments of $250.00 with first and last month down;

(2) returnable $100 damage deposit;

(3) nonreturnable $50 for "option money";

(4) option to purchase at $31,500;

(5) one-half of the monthly payments would accrue toward the purchase price in the event the option was exercised.

Van Etten variously argues that half of the monthly payments constituted either payments for the option or forfeitable payments towards purchase. While Van Etten argues that the parties contemplated that part of the payments constituted some form of capital payment because (1) the contract was a modified sales agreement; (2) the text of the agreement called Garn a "purchaser"; and (3) the contract's option stated "Earnest Money," the argument is not persuasive. Van Etten had the burden of proving that the $250 monthly payment exceeded "the depreciation and the value of [the use of] the property" that indicates the build-up of equity. *See* Mertens, *supra*, § 25.109 at 486. Moreover, the tax court specifically found that Van Etten considered the payments as rent. This finding withstands review under Fed.R.Civ.P. 52. It follows that Van Etten did not prove that the contract called for capital payments.

Van Etten's argument that the payments should be apportioned between rental payments and capital payments is of no avail even if this court were cited to some law to support the argument. Van Etten failed to prove facts to support the apportionment issue. He seeks to apportion the entire payment that could have become capital payments under the contract as capital payments. The 50/50 division urged by Van Etten does not take into account either the difference, if any, between the rental value and monthly contract price or the discount resulting from the likelihood that the Garns would not exercise their option.

Because Van Etten did not carry his burden of showing entitlement to the deduction, the judgment is affirmed.